UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARY E. LATHROP BUXTON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:13-CV-1590-B |
| | § | |
| ROBERT M. BUXTON | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant's Motion to Dismiss for Lack of Personal Jurisdiction and for Improper Venue (doc. 5). After review of the motion and briefing, the Court **GRANTS** the motion.

### I.

### BACKGROUND

This cause of action arises out of the 2008 divorce of Plaintiff Mary Lathrop Buxton ("Lathrop"), a citizen of Texas, and Defendant Robert Buxton ("Buxton"), a citizen of California. The parties divorced by a Stipulated Judgment (the "Judgment") entered into in the State of California. Compl. 1-2. The Judgment contained a spousal support obligation, which required Buxton to make a twenty-five percent payout for any cash compensation he received in excess of $175,000 per year. *Id.* at 3, ¶ 10. Buxton's earnings in the seven years prior to the Judgment were significantly higher than $175,000, and Lathrop assumed that Buxton's post-judgment earnings would remain so. *Id.* at 4, ¶ 13. However, in the five years following the Judgment, Buxton's earnings decreased below the $175,000 threshold (with the exception of 2011 during which he made

1

$338,467). *Id.* at 4, ¶ 14. Lathrop contends that Buxton made arrangements to deliberately depress his earnings prior to the Judgment in order to defraud her of any spousal support payments owed thereunder. *Id.* at 7, ¶ 21.

On April 24, 2013, Lathrop filed suit in federal court (doc. 1). On June 7, 2013, Buxton filed a motion to dismiss for improper venue and lack of personal jurisdiction pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(3) (doc. 5). This motion is now ripe for consideration.

## II.

## LEGAL STANDARDS

*A.    Personal Jurisdiction*

The plaintiff bears the burden of proof to show that a nonresident defendant is subject to the Court's jurisdiction. However, when, as here, no evidentiary hearing is held, a plaintiff need only establish a *prima facie* case of personal jurisdiction; proof by a preponderance of the evidence is not required. *Wien Air Alaska, Inc. v. Brandt*, 195 F.3d 208, 211 (5th Cir. 1999); *Jones v. Petty-Ray Geophysical Geosource, Inc.*, 954 F.2d 1061, 1067 (5th Cir. 1992). After the *prima facie* case is made, the defendant bears the burden to present "a compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985).

In establishing personal jurisdiction over a non-resident served out of state, two preconditions must be met: (1) the nonresident must be amenable to service of process under Texas's long-arm statute; and (2) the assertion of jurisdiction over the nonresident must comport with the Due Process Clause of the Constitution. *Jones*, 954 F.2d at 1067. Because Texas's long-arm statute has been held to extend to the limits of due process, the Court need only determine whether jurisdiction over the

defendant is constitutionally permissible. *Id.* at 1067-68 (citing *Schlobohm v. Schapiro*, 784 S.W.2d 355, 357 (Tex. 1990)). To meet the federal constitutional test of due process, two elements must be satisfied: (1) the defendant must have purposefully availed himself of the benefits and protections of the forum state by establishing "minimum contacts" with that state such that he should reasonably anticipate being haled into court there; and (2) the exercise of jurisdiction over the defendant must not offend traditional notions of fair play and substantial justice (i.e., it must be reasonable). *Id.* at 1068.

The "minimum contacts" test can be met by contacts giving rise to either general or specific personal jurisdiction. *Gundle Lining Constr. Corp. v. Adams Cnty. Asphalt, Inc.*, 85 F.3d 201, 205 (5th Cir. 1996). Lathrop contends that the Court has specific jurisdiction over Buxton. Pl.'s Resp. 2-3. Specific jurisdiction exists when the nonresident defendant's contacts with the forum state arise from, or are directly related to, the cause of action. *Gundle*, 85 F.3d at 205. Unilateral activity of the plaintiff that brings the defendant into contact with the forum state does not satisfy this contacts requirement. *Hanson v. Denckla*, 357 U.S. 235, 253 (1958); *see also Kulko v. Superior Court of California In and For City and Cnty. of San Francisco*, 436 U.S. 84, 94 (1978) (holding defendant's acquiescence in allowing children to spend time with their mother in forum state, in the interest of family harmony, did not constitute purposeful availment).

## III.

## ANALYSIS

A.   *Specific Jurisdiction*

    1.   <u>Minimum Contacts</u>

To establish specific jurisdiction, Lathrop must show that Buxton's contacts with Texas arise

3

from or are directly related to the asserted fraudulent inducement claim. *See Wilson v. Belin*, 20 F.3d 644, 647 (5th Cir. 1994). Buxton had three points of contact with Texas: (1) he engaged in telephone calls and email exchanges with Lathrop, (2) he traveled to Texas for four days to bring the parties' son to live with Lathrop, and (3) during these four days, he executed a signature card for a joint bank account. Compl. 5-6. Lathrop asserts that these contacts all relate to the Stipulated Judgment in some way. She claims that the phone calls and emails relate to matters in dispute, which arose from the Judgment, and that the bank account was created for a specific purpose of meeting payment demands related to the Judgment. Pl.'s Resp. 3-4. Buxton disagrees and states that his contacts with Texas were the result of a California lawsuit that is unrelated to the Judgment. Def.'s Mot. Dismiss 9; Buxton Decl. ¶ 9. Further, he insists these contacts do not constitute purposeful availment. Def.'s Mot. Dismiss 9; Buxton Decl. ¶ 9.

Upon review, the Court concludes that the California lawsuit was only loosely related to the Stipulated Judgment. As such, contacts directly related to or arising out of the California suit are not directly related to the Stipulated Judgment or the claim of fraud. The California suit was for the recovery of money from Lathrop following her unauthorized withdrawal of all funds from a college-fund bank account set up for the parties' son as part of the Stipulated Judgment. Buxton Decl. ¶¶ 7-8. Withdrawal of the funds resulted in a zero balance and the automatic closure of the account by the bank, which necessitated the parties open a new account. *Id.* at ¶ 7. The parties entered a Stipulation and Order before a California court for the return of the withdrawn funds and reestablishment of the college-fund account. *Id.* at ¶ 8. The phone calls and emails between Buxton and Lathrop were related to the monetary payments necessary to reestablish this college-fund account, and the Texas joint bank account was created as a result. Thus, Lathrop's unilateral

4

withdrawal of the funds created the need for the lawsuit, the communications, and the new joint bank account. As such, Buxton's contacts with Texas are insufficient to show purposeful availment. *See Hanson*, 357 U.S. at 253.

Buxton's travel to Texas to deliver the parties' son to Lathrop, which was also the result of Lathrop's unilateral activity, is also insufficient to establish purposeful availment. In moving to Texas, Lathrop all but ensured that Buxton would be forced into making some contact with the forum state as a part of his parental role. As expressed in *Kulko*, a father's acquiescence in the interest of family harmony is insufficient to show purposeful availment. *See* 436 U.S. at 94. In other words, Buxton's acquiescing to Lathrop in these circumstances cannot be said to have been a demonstration of his submission to the sovereign power of Texas. *See J. McIntyre Mach., Ltd. v. Nicastro*, 131 S. Ct. 2780, 2787-88 (2011) ("Where a defendant purposefully avails itself of the privilege of conducting activities within the forum State . . . it submits to the judicial power of an otherwise foreign sovereign . . . ."(internal quotations omitted)).

2. Fair Play and Substantial Justice

Even assuming *arguendo* minimum contacts existed, the Court determines that it would be unreasonable for it to exercise personal jurisdiction over Buxton. The relevant factors for assessing reasonableness are: "(1) the burden on the nonresident defendant to litigate in that forum; (2) the forum state's interest in the matter; (3) the plaintiff's interest in securing relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and (5) the several states' shared interest in furthering substantive social policies." *Stroman Realty, Inc. v. Wercinski*, 513 F.3d 476, 487 (5th Cir. 2008). Here, the Court finds that it would be burdensome for Buxton to litigate in Texas; that Texas residents and the Texas judicial system have little interest

5

in a resolving a California divorce dispute; and that Lathrop is free to secure relief in California. Consequently, the Court finds that the exercise of its jurisdiction over Buxton would not comport with traditional notions of fair play and substantial justice.

## IV.

## CONCLUSION

The Court finds that Lathrop did not establish that Buxton had sufficient minimum contacts with the forum state for the exercise of personal jurisdiction. For the foregoing reasons, Buxton's motion is **GRANTED**. Accordingly, the Court **DISMISSES** the action **WITHOUT PREJUDICE** for lack of personal jurisdiction.

**SO ORDERED.**

**SIGNED November 6, 2013**

**JANE J. BOYLE
UNITED STATES DISTRICT JUDGE**